Okey, C. J.
Dillon was convicted in the court of common pleas of Marion county of the offense of throwing stones at a railroad car, and sentenced to imprisonment in the penitentiary for one year, and to pay costs. No fine was assessed. The statute provides that a person convicted of such offense “ shall be fined not exceeding five hundred dollars, and imprisoned in the penitentiary not more than three years, or in the county jail not more than six months.” Revised Statutes, § 6862.
Where the accused is properly convicted, it is the duty of the presiding judge to “ pronounce the judgment provided by law.” (Revised Statutes, § 7319.) ■ If the statute provides fine and imprisonment, he is as clearly without discretion to omit either as he is to fine for a less or larger sum, or imprison for a shorter or longer term, than that provided in the act. Rut it does not *587 follow that the failure of a judge to discharge his duty in that regard, will afiord, in all cases, ground of reversal. No one in this state can be convicted or punished for crime except in pursuance of a statute; and hence, it was held, that if the fine or imprisonment be either less (Ex parte Shaw, 7 Ohio St. 81), or greater (Ex parte Van Hagan, 25 Ohio St. 426), than that prescribed in the statute, “ the sentence was not void, but erroneous,” and, therefore, that habeas carpus is not, but “ error to reverse the proceeding or sentence is the remedy.” But where the sentence imposed, whether of fine or imprisonment, is authorized by the statute, the failure of the judge to discharge his whole duty by imposing both the fine and imprisonment provided by law, will not warrant a reversal. The sentence in such case being warranted, the defendant is not prejudiced by the error of the court in failing to inflict upon him the additional punishment. We are aware that the cases upon this subject are not in harmony (1 Bishop’s Or. L. §§ 930-932;1 Bishop’s Or. Pro. § 1374; Wharton’s Or. PI. and Pr. § 918), but the views here expressed accord with the course of legislation and decision in this state.

Motion overruled.